# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1611V

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                    *
JULIETTE REMY,                      *    Chief Special Master Corcoran
                                    *
              Petitioner,           *    Filed: December 16, 2024
                                    *
       v.                           *
                                    *
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
              Respondent.           *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Leah V. Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.

*Sarah C. Duncan*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

On October 27, 2022, Trina Remy filed a petition on behalf of her then-minor daughter seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] (ECF No. 1) ("Pet."). The minor, Juliette Remy, replaced her mother as Petitioner after reaching the age of majority. (ECF No. 19). Petitioner alleged that she suffered from brachial neuritis as a result of her November 27, 2019, receipt of an influenza vaccine. Pet. at 1. The parties

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

1

agreed on a stipulation resolving the case, and I issued a decision awarding Petitioner's compensation. *See* Decision, dated June 11, 2024 (ECF No. 23).

Petitioner has now filed a motion for a final award of attorney's fees and costs (the sole fees request made in this case). Motion, dated December 6, 2024 (ECF No. 27) ("Fees Mot."). Petitioner requests a total of $32,874.18 reflecting $28,780.50 in fees incurred for the services of Ms. Leah Durant, Esq., and her colleagues, $4,013.80 in attorney's costs, and $79.88 in Petitioner's personally-incurred costs. Fees Mot. at 1. Respondent reacted to the final fees request on December 9, 2024. Response, dated December 9, 2024 (ECF No. 28) ("Response"). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Response at 2, 4. Petitioner filed a reply, maintaining her position and requesting that she be awarded the requested fees and costs as indicated. Reply, December 10, 2024 (ECF No. 29).

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$32,874.18**.

## ANALYSIS

I.   Calculation of Fees

Because Petitioner's claim was successful, he is entitled to a fees and costs award – although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys and support staff, based on the years work was performed:

| **Attorney** | **2021** | **2022** | **2023** | **2024** |
|---|---|---|---|---|
| **Ms. Leah Durant** | $420.00 | $441.00 | $463.00 | $486.00 |
| **Mr. Glenn MacLeod** | — | $525.00 | $553.00 | — |
| **Paralegals** | $165.00 | $173.00 | $181.00 | $190.00 |

ECF No. 27-1.

Ms. Durant and her colleagues practice in Washington, DC—a jurisdiction that is, by definition, "in forum." Accordingly, she should be paid forum rates as established in *McCulloch*. *See Clavio v. Sec'y of Health & Hum. Servs.*, No. 17-1179V, 2024 WL 329239 (Fed. Cl. Spec. Mstr. Jan. 2, 2024). The rates requested by Ms. Durant and her colleagues are also consistent with what has previously been awarded for their work, in accordance with the Office of Special Masters' Fee Schedule.[3] *Sage v. Sec'y of Health & Hum. Servs.*, No. 21-203V, 2024 WL 3967032 (Fed. Cl. Spec. Mstr. July 31, 2024); *Murray v. Sec'y of Health & Hum. Servs.*, No. 17-1357V, 2024 WL 1433667 (Fed. Cl. Spec. Mstr. Mar. 5, 2024); *E.H. v. Sec'y of Health & Hum. Servs.*, No. 17-126V, 2023 WL 8543593 (Fed. Cl. Spec. Mstr. Nov. 16, 2023); *Aycock v. Sec'y of Health & Hum. Servs.*, No. 19-235V, 2023 WL 8869423 (Fed. Cl. Spec. Mstr. Nov. 8, 2023). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

## II. Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

---

[3] OSM Attorney's Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules (last visited December 13, 2024).

Petitioner seeks $4,013.80 in outstanding attorney's costs, including the filing fee, medical record retrieval costs, mailing costs, and the costs associated with medical record review by Mr. Timothy Hancock, B.S. ECF No. 27-2. Mr. Hancock submitted two invoices for a total of $2,375.00 (at an hourly rate of $125.00 for 19 hours of work). *Id.* at 16, 18. The costs associated with Mr. Hancock's work are reasonable herein, and I find the amount of time he billed to be reasonable as well. Petitioner also requests $79.88 as reimbursement for the notarization fee. All requested costs are fair and will be awarded in full.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety and award a total of **$32,874.18**. I award $28,780.50 in attorney's fees and $4,013.80 in attorney's costs in the form of a check made jointly payable to Petitioner and her attorney, Ms. Leah Durant. I also award $79.88 (for Petitioner's personally-incurred costs) in the form of a check made payable to Petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.